[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant father of twins has moved to modify the order of child support, entered on November 7, 1994, in the amount of One Hundred, Sixty ($160.00) Dollars per week.
The defendant is thirty-eight and has had two years of college education, although he is not a graduate. He works for his father's well drilling business, claiming no interest therein. His testimony is consistent with the earlier testimony concerning his employment. He has yet to file a tax return for the 1994 tax year. His return was marked as Defendant's 1.
On cross-examination, the defendant conceded that he did not pay the court order at all times, but would be current by the end of the week. He did not have a list of jobs in progress. He is provided with medical insurance through his employment. The Plaintiff produced a copy of a financial affidavit dated January 1995 as Plaintiff's Exhibit 1. The defendant agreed that he had not paid estimated taxes, and that he had only partially CT Page 9982 paid his 1994 taxes when applying for an extention to file late.
He testified that he received a check for Five Hundred ($500.00) Dollars last week. He testified that his checks have been for Five Hundred ($500.00) Dollars except one check for less in the month of January of 1995. The defendant testified that he did not always get paid on a weekly basis, depending on the work. The defendant brought check stubs from the business which were made an exhibit, which disclosed that he had been paid, by check, the total amount of Four Thousand, Seven Hundred, fifty ($4,750.00) Dollars from March 3, 1995 to date. The defendant has not impressed the court with his honesty with respect to his income from employment. Moreover, the court at the earlier hearing indicated that he should pursue other more gainful employment in order to support his children without complaint.
The defendant has attempted on several occasions to shirk his duty to his children by minimizing his employment, and understating his employability. He is not acting in the best interests of his twin sons. He has twice in the past six (6) months sought the relief of the court to reduce his court-ordered child support. He has spent in attorneys' fees what he seeks to not provide to his children.
His explanation as to how he is able to live with such limited income does not convince the court that he has the income he describes. The defendant has the burden to prove that there is a substantial change of circumstances. Based on the claims of the defendant made earlier and in this proceeding, the court finds that the defendant has failed to meet his burden of proof with respect to a substantial change of circumstance, and the motion to modify is thereby denied.
DRANGINIS, J.